**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JIMMIE L. YOUNGBLOOD,

      Plaintiff,

v.                               Case No.  4:25-cv-249-MW-MJF

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

     Because Plaintiff failed to comply with two court orders, failed to

pay the filing fee, and failed to prosecute this action, the District Court

should dismiss this action without prejudice.

## I.  BACKGROUND

     On June 5, 2025, Plaintiff commenced this civil action and violated

the Local Rules by failing to utilize the court-approved form for his civil

rights complaint and commencing this civil action without paying the

filing fee or seeking leave to proceed *in forma pauperis*. N.D. Fla. Loc. R.

5.7(A) (requiring that a *pro se* complaint in a civil rights case be filed on

this court's form); N.D. Fla. Loc. R. 5.3 (requiring a party to pay the $405

fee or move for *in forma pauperis* status at the commencement of the lawsuit). On June 6, 2025, the undersigned ordered Plaintiff to file an amended complaint on the court-approved form and pay the filing fee or move for leave to proceed *in forma pauperis*. Doc. 3. The undersigned imposed a compliance deadline of June 27, 2025, and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On July 15, 2025, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of June 6, 2025. Doc. 4. The undersigned imposed a deadline of July 19, 2025, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a

court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Plaintiff has failed to comply with two court orders and Local Rules 5.3 and 5.7(A). Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## III.  CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>11th</u> day of August, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to address preliminary matters and to make**

recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.